IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JERRY NEAL BRAND, )
)
       Plaintiff, )
)
v. ) 1:03CV00966
)
)
NORTH CAROLINA DEPARTMENT OF )
CRIME CONTROL & PUBLIC SAFETY and )
the NORTH CAROLINA STATE )
HIGHWAY PATROL, )
)
       Defendants. )
)

MEMORANDUM ORDER

For the reasons set forth in this order, Defendants' Motion to Set Aside Judgment Pursuant to Rule 60 [Doc. #51] and Defendants' Motion for Judgment as a Matter of Law or in the Alternative for a New Trial [Doc. #52] are DENIED. Judgment shall be entered in accordance with the jury's verdict.

I.

This lawsuit arises from a dispute between Plaintiff Trooper Brand and Defendants regarding the transfer of Trooper Brand to Durham County. This case was tried before a jury which awarded Trooper Brand $63,000 on his retaliation claim, finding that his transfer to Durham County was a result of his having filed an internal complaint or grievance that, within the Patrol, he had been the victim of race discrimination.

Both of Defendants' motions argue that there was insufficient evidence presented by Trooper Brand to support the jury verdict. Therefore, Defendants must show that there was no legally sufficient evidentiary basis for a reasonable jury to find that the Defendants retaliated against Trooper Brand for filing a race discrimination complaint and that such retaliation resulted in injuries suffered by Trooper Brand in the amount of $63,000.

II.

To establish a prima facie case of Title VII retaliation, Trooper Brand must show that (1) he engaged in a protected activity; (2) the Defendants took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse action. Carter v. Ball, 33 F.3d 450 (4th Cir. 1994). Defendants argue that Trooper Brand failed to present sufficient evidence of a causal connection.

Defendants acknowledge – and indeed offered evidence and argued strenuously before the jury -- that the commandant, Colonel Holden, alone had the authority to transfer Trooper Brand. (Defs.' Memo. Supp. Mot. J. as Matter of Law at 4.) At trial when Defendants' counsel asked Colonel Holden why he transferred Mr. Brand, he responded, "He [Trooper Brand] didn't have the confidence in his first sergeant and certainly I don't think we can have a person working for someone that they don't have the confidence in." Plaintiff's counsel followed up on this perceived lack of confidence by asking Colonel Holden why he felt that

2

Trooper Brand did not have confidence in his sergeant. Colonel Holden answered:

> That was based on information that I got that he had filed, that he thought he was being discriminated against. It was obvious to me, that if you felt like someone was discriminating against you, you wouldn't have total confidence in them, so I didn't want it to be a situation that certainly got out of hand, and I felt like he would be better in a different location.

Defendants argue that the only reasonable interpretation of this testimony was that Colonel Holden considered Plaintiff's complaint a statement of Trooper Brand's dissatisfaction in his currently assigned district. While this may be one possible interpretation of Colonel Holden's testimony, the jury accepted the more reasonable interpretation that Trooper Brand was transferred because he filed a complaint of racial discrimination.

### III.

The Defendants argue in the alternative that a new trial should be granted because the amount of damages awarded is unreasonably disproportionate to any injuries suffered by Trooper Brand. Trooper Brand is entitled to compensatory damages including both out of pocket losses as a result of his transfer to Durham County as well as any other damages he sustained as a result of his transfer, such as emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. The evidence at trial showed that upon transfer Trooper Brand was required to maintain a residence in Durham County. Uncontroverted evidence at trial showed that Trooper Brand paid $487 per month for an apartment in Durham County and spent $400 per month in gas driving between Durham and Guilford

Counties. At the time of the trial Trooper Brand had been living in Durham County for 26 months. Because his family did not move to Durham County with him, Trooper Brand also continues to make mortgage payments on his house in Guilford County. Therefore, the evidence at trial supported an out of pocket loss by Trooper Brand of $23,062.

In addition to this out of pocket loss, Trooper Brand also introduced evidence of further damages he has suffered as a result of his transfer including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. In a case involving a violation of a plaintiff's constitutional rights, emotional distress and mental anguish may serve as compensatory injuries even without a showing of pecuniary loss. See Bryant v. Aiken Reg'l Med. Ctrs., Inc., 333 F.3d 536, 546-47 (4th Cir. 2003). Testimony must sufficiently articulate the actual injuries suffered and cannot rely on "conclusory statements that the plaintiff suffered emotional distress" or the mere fact that a plaintiff was wronged. Id. Furthermore, evidence of medical attention for physical symptoms of emotional distress is unnecessary. See Price v. City of Charlotte, 93 F.3d 1241, 1251 (4th Cir. 1996) (finding that a plaintiff's testimony standing alone can support an award of compensatory damages for emotional distress); see also Wulf v. City of Wichita, 883 F.2d 842, 875 (10th Cir. 1989) (allowing the testimony of a husband and wife to support an award of mental anguish and emotional distress in a case involving the deprivation of constitutional rights).

4

Evidence at trial showed that the Brand family had resided in Guilford County since 1992. Trooper and Mrs. Brand have a son who attends school in Guilford County and is involved in activities in Guilford County including football, playing the violin and martial arts. Before Trooper Brand was transferred to Durham, the entire family would attend martial arts activities together. Mrs. Brand has a job in Guilford County and is attending graduate school in the area. Before his transfer, Trooper Brand regularly transported his son to and from school and often would have lunch with his son at the school. After his transfer, he was unable to do so. Therefore, the evidence at trial clearly would allow a reasonable jury to find that the transfer of Trooper Brand to Durham County has resulted in Trooper Brand suffering significant damages including emotional pain, inconvenience, mental anguish and loss of enjoyment of life. Because a finding by the jury that such damages amounted to a loss of $39,938 is not unreasonable, Trooper Brand presented adequate evidence of damages to support the jury award of $63,000.

IV.

Therefore, Defendants' Motion to Set Aside the Jury Verdict [Doc. #51] and Defendants' Motion for Judgment as a Matter of Law or in the Alternative for a New Trial [Doc. #52] are DENIED.

This the day of July 26, 2005

                                           /s/ N. Carlton Tilley, Jr.
                                           United States District Judge

6